```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| In re:<br><br>REVEL AC, INC., et al.,<br><br>       Debtors. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action Nos.<br>15-302 (JBS), 15-352 (JBS) |
| ACR ENERGY PARTNERS, LLC,<br><br>    Appellant,<br><br>    v.<br><br>REVEL AC, INC.,<br><br>    Appellee. | ON APPEALS FROM AN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>[Case No. 14-22654 (GMB)]<br><br>**OPINION** |
| AMERICAN CUT AC MARC FORGIONE, LLC, AZURE AC ALLEGRETTI, LLC, GRGAC1, LLC, GRGAC2, LLC, GRGAC3, LLC, LUGO AC, LLC, MUSSEL BAR AC, LLC, PM ATLANTIC CITY, LLC, RJ ATLANTIC CITY, LLC, and THE MARSHALL RETAIL GROUP, LLC,<br><br>    Appellants,<br><br>    v.<br><br>REVEL AC, INC.,<br><br>    Appellee. | |

APPEARANCES:

Stuart M. Brown, Esq.
Timothy J. Lowry, Esq.
R. Craig Martin, Esq.
DLA PIPER LLP (US)

```
17 Gordon's Alley, Suite 100
Atlantic City, N.J. 08401
     Attorneys for ACR Energy Partners, LLC

Warren J. Martin, Jr., Esq.
Robert M. Schechter, Esq.
Rachel A. Parisi, Esq.
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, N.J. 07962
     Attorneys for American Cut AC Marc Forgione, LLC,
     Azure AC Allegretti, LLC, GRGAC1, LLC, GRGAC2, LLC, GRGAC3,
     LLC, Lugo AC, LLC, Mussel Bar AC, LLC, PM Atlantic City,
     LLC, RJ Atlantic City, LLC, and The Marshall Retail Group,
     LLC

Michael J. Viscount, Jr., Esq.
John H. Strock, Esq.
FOX ROTHSCHILD LLP
1301 Atlantic Avenue
Atlantic City, N.J. 08401
     -and-
John K. Cunningham, Esq.
Jason N. Zakia, Esq.
WHITE & CASE LLP
200 S. Biscayne Blvd.
Miami, Fla. 33131
     Attorneys for Revel AC, Inc.

Stuart J. Moskovitz, Esq.
819 Highway 33
Freehold, N.J. 07728
     Attorney for Awardee Polo North County Club, Inc.
```

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

These matters arise out of the chapter 11 proceedings of the beleaguered and now defunct Revel Casino, a $2.4 billion casino property in Atlantic City, New Jersey that ceased its operations on September 2, 2014.  In the pending appeals,

Appellants ACR Energy Partners, LLC (hereinafter, "ACR") and American Cut AC Marc Forgione, LLC's, et al. (hereinafter, the "Amenity Tenants" and collectively, "Appellants"), challenge the Bankruptcy Court's January 8, 2015 Order approving the sale and purchase of the assets of Revel AC, Inc., et al. (hereinafter, the "Appellees," "Debtors," or "Revel"), free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f) (hereinafter, the "Sale Order"), on the basis that the Sale Order improperly dispossessed Appellants of their possessory leasehold interests under 11 U.S.C. § 365(h), and approved a sale free and clear without adequately protecting the Appellants' interests under 11 U.S.C. §§ 363(e), and in the absence of any bona fide dispute under 11 U.S.C. § 365(f)(4).

ACR and the Amenity Tenants were among four groups of appellants which moved,[1] on an emergent basis, to stay paragraph 14 of the Sale Order, the provision enabling the Revel assets to be sold free and clear of Appellants' interests, pending appeal, in order to prevent the purportedly irrevocable dispossession of their contracted for property interests, claims, and/or liens, and to prevent a consummated sale under the Sale Order from rendering their claims on appeal statutorily moot under 11

---

[1] The appellants in two related appeals, IDEA Boardwalk, LLC v. Revel AC, Inc., Civil Action No. 15-299 (JBS) and IGT v. Revel AC, Inc., Civil Action No. 15-317 (JBS), filed similar motions.

3

U.S.C. § 363(m).  Following expedited briefing, and a lengthy hearing,[2] the Court denied all appellants' motions to stay the sale pending appeal on January 21, 2015.  See In re Revel AC, Inc., ___ B.R. ____, Nos. 15-299, 15-302, 15-317, 15-352, 2015 WL 268816 (D.N.J. Jan. 21, 2015).

Meanwhile, the appellant in IDEA Boardwalk, LLC v. Revel AC, Inc., Civil Action No. 15-299 (JBS), a related appeal addressed in the Court's decision, was the sole party which filed a timely notice of appeal to the Court of Appeals on January 28, 2015, and subsequently filed an emergency motion to stay and/or for an expedited appeal before the Court of Appeals. In a 2-1 Order dated February 6, 2015, the Court of Appeals reversed this Court's denial of a stay as to IDEA Boardwalk, LLC (hereinafter, "IDEA") for reasons to follow in a forthcoming Opinion, and directed that paragraph 14 of the Sale Order be stayed to the extent it pertained to IDEA pending this Court's disposition of IDEA's appeal.[3]  [See Order dated February 6, 2015

---

[2] Appellants filed their respective motions to stay on Friday, January 16, 2015, and the parties to the appeals completed all briefing on January 19, 2015, a Court holiday.  At that time, the parties all agreed that the automatic stay applicable to the Sale Order under Federal Rule of Bankruptcy Procedure 6004(h) expired on January 22, 2015.  The Court, accordingly, entertained the motion on an expedited basis, conducted a hearing on January 20, 2015, and issued its decision on January 21, 2015.  See generally In re Revel AC, Inc., 2015 WL 268816.
[3] The Court entered a corresponding Order upon Mandate on February 8, 2015.  [Docket Item 40 in 15-299.]

4

in App. No. 15-1253.] The Court of Appeals noted, however, that its Order affected no other provision of the Sale Order, and that the sale therefore remained "free to go forward in all other respects." [See id.]

ACR and the Amenity Tenants now move, on an emergent basis, for reconsideration of, and/or relief from, the Court's January 21, 2015 decision which had denied a stay, arguing, in essence, that the Court of Appeals' February 6, 2015 Order reversing this Court's January 21, 2015 denial of Appellant IDEA Boardwalk, LLC's (hereinafter, "IDEA Boardwalk") motion to stay pending appeal in IDEA Boardwalk, LLC v. Revel AC, Inc., Civil Action No. 15-299 (JBS), fundamentally called into question this Court's January 21, 2015 ruling as to ACR and the Amenity Tenants. (See generally ACR's Br. at 5-11; Amenity Tenants' Br. at 7-8.)  In so arguing, ACR and the Amenity Tenants submit that the Court of Appeals' Order in reversing this Court's denial of stay pending appeal applies with equal force and effect to them, because their appeals rely upon a similar, if not identical, legal and factual predicate, and because this Court denied Appellants' initial motions to stay for much the same reasons it denied IDEA's motion. (See generally ACR's Br. at 5, 7; Amenity Tenants' Br. at 7-8.)  Given these procedural circumstances, ACR and the Amenity Tenants argue that a stay pending appeal should, in equity, be granted as to ACR and the Amenity Tenants.

5

The Court has considered the parties' submissions and arguments at an expedited hearing on February 9, 2015.

For the reasons that follow, the Court will grant Appellants' motions in part, and will stay paragraph 14 of the Sale Order to the extent it pertains to ACR and the Amenity Tenants, pending the Court's determination of the pending appeals of ACR, the Amenity Tenants, and IDEA Boardwalk, and the remainder of the Sale Order is unaffected and the sale may go forward.[4]

## II. BACKGROUND

### A. Factual and Procedural Background

The Court's prior Opinion in these appeals, see In re Revel AC, Inc., ___ B.R. ____, Nos. 15-299, 15-302, 15-317, 15-352, 2015 WL 268816, at *1-*7, sets forth the detailed factual history of this litigation, and will not be reiterated herein. Rather, for the purposes of the pending motion, the Court notes, as stated above, that, on January 21, 2015, the Court denied Appellants' motions to stay pending appeal. Id. at *17.

The Court specifically concluded that Appellants had not, at that time, sufficiently demonstrated a likelihood of success on their positions on appeal concerning: the interplay between

---

[4] Following the February 9, 2015 hearing, the Court entered an Order granting ACR's and the Amenity Tenants' request for a stay pending appeal. [Docket Item 38 in 15-302; Docket Item 17 in 15-352.] This Opinion sets forth the Court's reasoning.

section 365(h) rights and free and clear sales under section 363(f); the absence of any bona fide disputes concerning the nature of Appellants' agreements with Appellees under section 363(f)(4); and the Bankruptcy Court's alleged failure to provide adequate protection under section 363(e), prior to approving a sale free and clear under section 363(f).  Id. at *10-*14.  The Court did, however, recognize the issues are close and that the merits on appeal could go either way, that is, they were in "equipoise."  Id. at *9-*10.  In addition, the Court found that Appellants had not met their burden to demonstrate that the loss of their possessory rights would result in irreparable harm.  See id. at *11-*12.  Rather, the Court found that a stay would substantially injure the Appellee, in light of the Appellee's representations concerning its "untenable" and "imperiled" position.  Id. at *16.  Finally, given the proffer concerning the effects of a "'failed sale process,'" the Court concluded that "the public policy most strongly impacted by [the] litigation" favored "the facilitation of the asset sale, and, accordingly, weigh[ed] against the imposition of a stay."  Id. at *17 (citations omitted).

## III. STANDARD OF REVIEW

Though the Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration, Local Civil Rule 7.1(i) permits reconsideration of an order or judgment,

7

including interlocutory orders such as the grant or denial of a temporary stay.  Also, Rule 60(b), Fed. R. Civ. P., may be invoked to seek relief from a "final judgment, order, or proceeding" upon such terms as are "just."  In that regard, the Court notes that Rule 60(b) seeks "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'"  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  However, irrespective of the manner under which Appellants framed their request for reconsideration, Local Civil Rule 7.1(i) governs the Court's analysis.

Local Civil Rule 7.1(i) specifically provides that a party moving for reconsideration must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision.  L. Civ. R. 7.1(i).  "As such, a party seeking reconsideration must satisfy a high burden, and must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice."  Altana Pharma AG v. Teva Pharm. USA, Inc., No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); N. River Ins. Co. v. CIGNA Reinsurance Co.,

8

52 F.3d 1194, 1218 (3d Cir. 1995)).  ACR and the Amenity Tenants argue herein that the Court of Appeals' Order of February 6, 2015 granting a stay pending appeal as to IDEA, represents a change in controlling law warranting reconsideration as to ACR and the Amenity Tenants.

**IV. DISCUSSION**

**A. The Court of Appeals' February 6, 2015 Order Suggests an Intervening Change in Controlling Law that Warrants Provisional Relief**

Appellants argue, as stated above, that the Court of Appeals' February 6, 2015 Order as to IDEA Boardwalk constitutes an intervening change in controlling law as to ACR and the Amenity Tenants, given the Court's "equal treatment of, and application of the facts and law to," ACR, the Amenity Tenants, and IDEA. (Amenity Tenants' Br. at 8; see also ACR's Br. at 7-8.)  In that regard, ACR and the Amenity Tenants submit that, absent modification of the Court's prior Order, parties with substantially identical interests and positions on appeal, will wind up with two very different outcomes: one with continuing possession of its leasehold interests pending appeal, while the others become completely dispossessed when the Revel sale closes.  (See, e.g., Amenity Tenants' Br. at 8; see also ACR's Br. at 7-8.)  The parties point out that the last day to close under the January 8th Sale Order is February 9, 2015, and that without a stay of paragraph 14 stripping them of their

9

possessory rights they will be left without recourse. Appellants therefore insist that equity demands temporary relief, in order to provide ACR and the Amenity Tenants relief identical to that obtained by IDEA. (See, e.g., Amenity Tenants' Br. at 8; ACR's Br. at 11.)

Appellee Revel AC, Inc., however, argues that the Court of Appeals' decision "centered [upon] issues specific to IDEA," and therefore asserts that "there is no basis to believe" that the Court of Appeals' rationale as to IDEA necessarily flows to ACR and the Amenity Tenants. (Appellee's Opp'n at 4.)

As this Court noted in its January 21, 2015 Opinion, in order to qualify for a stay of an Order of the Bankruptcy Court, the party seeking a stay pending appeal must demonstrate the same factors required of a party seeking a preliminary injunction. See In re Revel AC, Inc., 2015 WL 268816, at *7. "Namely, the movant bears the burden of showing the following four factors: (1) a likelihood of success on the merits of the appeal; (2) that the movant will suffer substantial irreparable injury if the stay is denied; (3) substantial harm will not be suffered by other parties if the stay is granted; and (4) that issuance of the stay would not harm the public interest." Id. (citations omitted).

With regard to the first factor, the Court need not belabor Revel's assertions, because the Court cannot ignore the

inescapable conclusion that the Court of Appeals' Order, regardless of the specific underlying rationale, significantly called into question—and indeed reversed in part—this Court's January 21, 2015 decision.  In that regard, the Court notes that there can be no dispute that the Court's January 21, 2015 decision considered ACR's and the Amenity Tenants' positions in unison with the nearly-identical positions of IDEA and grouped these three appellants together in much of the discussion and analysis.  See generally In re Revel AC, Inc., 2015 WL 268816, at *8-*17.  The Court remains, of course, mindful, as argued by Revel, that the Court of Appeals' rationale in reversing this Court's Order could conceivably be based upon legal issues singularly applicable to IDEA. (Appellee's Opp'n at 4.) However, at this initial stage, and based upon the transcript excerpts provided by the Amenity Tenants,[5] (see Martin Aff., Ex. B), it appears more likely that the Court of Appeals' rationale hinged upon legal aspects of the Sale Order that have equal

---

[5] No party has challenged the Amenity Tenants' summation of the transcript excerpts, and the Court therefore accepts the excerpts as accurate representations of the statements made during the Court of Appeals' February 6, 2015 hearing. (See Martin Aff., Ex. B.)  The Court recognizes, however, that the excerpts invariably constitute those statements most favorable to the Amenity Tenants, and therefore do not necessarily reflect the overall tenor of the hearing, nor do they constitute findings of the Judges of the Court of Appeals.  Nevertheless, the excerpts provide some lens into the majority's reasoning in reversing this Court's Order as to IDEA.

application to ACR, the Amenity Tenants, and IDEA.  (See, e.g., id. at 3 (setting forth Judge Thomas L. Ambro's statement that the second factor, irreparable harm, favors Appellants; and Judge Cheryl Ann Krause's concern regarding the Bankruptcy Court's failure to consider IDEA Boardwalk's request for adequate protection under § 363(e)).)  Indeed, two of the Judges of the Court of the Appeals specifically noted the paucity of the Bankruptcy Court's findings with respect to adequate protection under § 363(e) and the presence of bona fide disputes under § 363(f)(4), (see id. at 2-4), and further noted that a factor in equipoise, as this Court concluded in its January 21, 2015 Opinion, suffices to demonstrate a likelihood of success on the merits. (See id.)  Given this, the Court must credit Appellants' position that the Court of Appeals' Order casts substantial doubt upon this Court's prior consideration of ACR's and the Amenity Tenants' likelihood of success on the merits. (See, e.g., Amenity Tenants' Br. at 7; ACR's Br. at 8.)  Indeed, given these statements, and the strength of appellants' positions that the Bankruptcy Court failed to make findings of adequate protection, and ignored section 365(h) despite recognizing appellants' leases, the Court now finds that ACR and the Amenity Tenants have demonstrated a sufficient likelihood of success on the merits.

Similarly, with respect to the second factor, the Court credits Judge Ambro's statement at oral argument that dispossession of a protected right, as will occur under paragraph 14 of the Sale Order, constituted irreparable harm to IDEA Boardwalk.  (Martin Aff., Ex. B at 3 (setting forth Judge Ambro's statements that the "second prong is really is theirs because if they don't get the opportunity to look at the merits here, then it looks like, then if they are dispossessed, they'll probably never get to the merits, so they seem to have met the second prong that there is irreparable harm...").)  Because ACR and the Amenity Tenants are identically situated to IDEA Boardwalk as to this dispossession, the Court now finds that denial of a stay pending appeal will irreparably harm their interests.

Moreover, as to the third factor, the Court does not find that the potential risk to the Polo North sale counsels so strongly against Appellants' motions to deny any provisional relief.  (See generally Appellee's Opp'n at 5.)  The Sale Order represented the culmination of many months' effort to conduct an auction, obtain a qualified bidder, and ultimately approve a Sale.  Given this inherent delay, coupled with Polo North's recent decision to, on its own volition, seek to delay closing, (see Appellee's Opp'n at 5), the Court questions whether an additional, incidental delay would necessarily result in the

dissolution of the Polo North sale.[6]  Moreover, even if it does, the Court finds a temporary stay justified nonetheless, in order to ensure that any sale of Appellee's assets occurs in accordance with all legal requirements, and without the potentially unlawful stripping of Appellants' protected rights and interests that could not be redressed as a practical matter. Because there is a reasonable prospect that the appellants are correct and the Sale Order is flawed unless it recognizes and protects their interests, the harm caused by this stay is outweighed by the need to sort out these important issues if the respective parties are unable to do so first.  It is up to the interested parties—Revel, Atlantic City, Polo North, Wells Fargo, and the various tenants in these related appeals—to find common ground without further litigation.

Finally, with respect to the fourth factor, the Court continues to believe that the public interest favors the facilitation of Revel's reorganization efforts. See In re Revel AC, Inc., 2015 WL 268816, at *17.  However, given the Court of Appeals' February 6, 2015 decision reversing this Court's

---

[6] In the context of the pending motions, the Court need not consider any interpretive disputes between Polo North and Revel concerning the asset purchase agreement (see, e.g., Polo North's Opp'n at 5-7), because such disputes have no relation to the inquiry presented by the pending motions, namely, whether the Court of Appeals' February 6, 2015 Order as to IDEA Boardwalk warrants providing ACR and the Amenity Tenants equivalent relief pending decision upon their appeals before this Court.

January 21, 2015 Order as to IDEA Boardwalk, the Court must credit the equally prevalent public interest favoring the correct application of the law, and the ability to redress harm through appellate review.  See AT&T Co. v. Winback & Conserve Program. Inc., 42 F.3d 1421, 1427 n.8 (3d Cir. 1994) ("As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff.")  The Court therefore finds the fourth factor to be, at this time, in equipoise.

In summary, the Court finds that the Court of Appeals' February 6, 2015 Order suggests an intervening change in controlling law and concludes, as a result, that circumstances now favor the entry of a stay of paragraph 14 of the Sale Order as to ACR and the Amenity Tenants, pending decision by this Court on the appeals of ACR and the Amenity Tenants.  An expedited schedule for briefing these appeals on the merits will also be set, anticipating oral argument on March 16, 2015, which, in consultation with all counsel, is the earliest practicable date for briefing and hearing on the merits.

**B. Consideration of Bond**

The Court next addresses whether ACR and the Amenity Tenants should be required to post a bond.

15

The Debtor has argued for requiring a bond of more than $120 million to be posted by these Appellants in connection with this stay pending appeal, and the designated Purchaser, Polo North, has also argued for requiring bond, which these Appellants oppose.  Whether to require such a bond for a temporary stay is in the discretion of this Court, pursuant to Federal Rule of Bankruptcy Procedure 8005.  See FED. R. BANKR. P. 8007(b)(1) (noting that the district court "may condition" a stay pending appeal upon "the filing of a bond or other appropriate security with the bankruptcy court").

The Court of Appeals required no bond of Appellant IDEA Boardwalk in its February 6, 2015 Order [See Order dated February 4, 2015 in App. No. 15-1253], after identifying bonding as an issue for supplemental briefing.  [See Order dated February 6, 2015 in App. No. 15-1253.]

The Debtor apparently fears that the entry of this stay may lead to the loss of the benefit of its bargain with Polo North.  The simple answer is that any such damage to Debtor would not be caused by appellants seeking to be heard as to their rights.  If the appellants are correct, and this Court has found a sufficient likelihood that they are, then there can be no harm.  If the sale is completed under the provisions of this limited stay, there is again no harm to Debtor.  It is only if Polo North breaches its obligation to Debtor that there could be

16

harm, and in that event the parties have provided for contractual indemnification. The Court does not foresee a circumstance in which these appellants would become indebted to Debtor or to Polo North as a result of their having won this temporary preservation of their rights pending appeal. Therefore, no bond will be required in connection with the temporary stay.

## V. CONCLUSION

For all of these reasons, the Court concludes that, in light of the Court of Appeals reversal of this Court's denial of stay pending appeal as to the similarly situated IDEA Boardwalk, and in the interests of justice, ACR's and the Amenity Tenants' motions for reconsideration should be granted in part, and that paragraph 14 of the Sale Order should be stayed as it pertains to ACR and the Amenity Tenants, pending decision by this Court on the appeals of ACR and the Amenity Tenants. The Court entered an Order consistent with this Opinion on February 9, 2015. [Docket Item 38 in 15-302; Docket Item 17 in 15-352.]

 __February 10, 2015__        __s/ Jerome B. Simandle__
Date                         JEROME B. SIMANDLE
                             Chief U.S. District Judge